# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CR-299 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| DANIEL PARLIN, et al., | |
| Defendant(s). | |

Presently before the court is defendant Daniel Parlin's motion for judicial recommendation. (ECF No. 228). The United States ("government") has not filed a response, and the time for doing so has passed.

I. **Background**

On May 16, 2016, the court sentenced Parlin to 87 months' custody to be followed by three years of supervised released for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1), and (C), and for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), and (B)(ii). (ECF Nos. 165, 171).

On September 16, 2019, Parlin filed the instant motion requesting that the court recommend to the Bureau of Prisons ("BOP") that he be considered for placement at a residential reentry center and for home confinement as soon as he is eligible, pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624(c)(1). (ECF No. 228).

II. **Legal Standard**

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the BOP. 18 U.S.C. § 3621(a). The BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b); *see United States v. Ceballos*, 671 F.3d

852, 855 (9th Cir. 2011) (recognizing that the BOP "has the statutory authority to choose the locations where prisoners serve their sentence").

Pursuant to 18 U.S.C. §§ 3621(b) and 3624(c), the BOP has discretion to place an inmate in a residential reentry center ("RRC") and/or home confinement. *See Sacora v. Thomas*, 628 F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that these two "statutory provisions govern the BOP's authority to place inmates in its custody in RRCs"). Section 3621(b) authorizes the BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part:

(4) any statement by the court that imposed the sentence—

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate;

18 U.S.C. §§ 3621(b)(4)(A)–(B).

Section 3624(c)(1), as amended by the Second Chance Act ("SCA"), states that the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term … under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). An appropriate placement may include an RRC or home confinement. 18 U.S.C. § 3624(c)(1)–(2). The SCA also requires the BOP to issue regulations designed to ensure that RRC placements are (1) "conducted in a manner consistent with section 3621(b)," (2) "determined on an individual basis," and (3) "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

### III. Discussion

Parlin contends that the requested judicial recommendation is warranted for a number of reasons. (ECF No. 228). Parlin first argues that the court has the authority to make such a recommendation pursuant to 18 U.S.C. §§ 3621(b)(4) and 3624(c). *Id*. Parlin then notes that his counsel could have made this request at the time of sentencing but neglected to do so. *Id*. Additionally, Parlin submits that during his approximately three years of incarceration, he has become an orderly for the administration building at his facility, has completed over fifty adult

James C. Mahan
U.S. District Judge

- 2 -

continuing education courses, has maintained a relationship with his five-year-old son, and has completed several substance treatment programs. *Id*.

In *Ceballos*, the Ninth Circuit held that a litigant cannot appeal a non-binding judicial recommendation because it is not part of the sentence. 671 F.3d at 856. The Ninth Circuit also suggested, in dicta, that "this holding does not deprive district courts of the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." *Id*., n.2. Accordingly, the court finds that it has the discretion to issue, or not issue, a post-judgment recommendation, and that such a recommendation does not violate the limitations set forth in 18 U.S.C. § 3582 and Federal Rules of Criminal Procedure 35 and 36.

In light of Parlin's considerable efforts toward self-improvement while incarcerated and the lack of any government response to the contrary, the court finds that reentry placement would advance the goals of the SCA. Therefore, the court will grant Parlin's motion for judicial recommendation and issue a non-binding recommendation that he be considered for placement at a residential reentry center and for home confinement as soon as he is eligible.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Parlin's motion for judicial recommendation (ECF No. 228) be, and the same hereby is, GRANTED.

IT IS HEREBY RECOMMENDED that Parlin be considered for placement at a residential reentry center and for home confinement as soon as he is eligible.

DATED October 17, 2019.

                                                                           _____
                                                                           UNITED STATES DISTRICT JUDGE